## United States Bankruptcy Court
### Eastern District of Pennsylvania

In re **Lynette K Sutton**  
Debtor(s)

Case No. **17-11860-ELF**  
Chapter **13**

# AMENDED CHAPTER 13 PLAN AND CERTIFICATE OF SERVICE

1. Payments to the Trustee: The future earnings or other future income of the Debtor is submitted to the supervision and control of the trustee. The Debtor (or the Debtor's employer) shall pay to the trustee the sum of **$1,855.00 paid to date and then pay $763.00 per month for 53 months**

   Total of plan payments: **$42,294.00**

2. Plan Length: This plan is estimated to be for **60** months.

3. Allowed claims against the Debtor shall be paid in accordance with the provisions of the Bankruptcy Code and this Plan.

   a. Secured creditors shall retain their mortgage, lien or security interest in collateral until the earlier of (a) the payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328.

   b. Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") from whom they are enjoined from collection under 11 U.S.C. § 1301, and which are separately classified and shall file their claims, including all of the contractual interest which is due or will become due during the consummation of the Plan, and payment of the amount specified in the proof of claim to the creditor shall constitute full payment of the debt as to the Debtor and any Co-Obligor.

   c. All priority creditors under 11 U.S.C. § 507 shall be paid in full in deferred cash payments.

4. From the payments received under the plan, the trustee shall make disbursements as follows:

   a. Administrative Expenses  
      (1) Trustee's Fee:   **Amount to be determined by the Office of the U. S. Trustee.**  
      (2) Attorney's Fee (unpaid portion):   **NONE**  
      (3) Filing Fee (unpaid portion):   **NONE**

   b. Priority Claims under 11 U.S.C. § 507

      (1) Domestic Support Obligations NONE

      (2) Other Priority Claims NONE

   c. Secured Claims

      1)

      | Name | Description of Collateral | Pre-Confirmation Monthly Payment |
      |---|---|---|
      | **-PA Dept. of Revenue  $4,876.91** | | |
      | **Abraham Woidislowsky - see 10 below** | | |

      2) Secured Debts Which Will Extend Beyond the Length of the Plan

      | Name | Amount of Claim | Monthly Payment | Interest Rate (If specified) |
      |---|---|---|---|
      | **-NONE-** | | | |

   d. Unsecured Claims Pro rata on timely filed allowed Unsecured Claims.

5. The Debtor proposes to cure pre-petition defaults to the following creditors by means of monthly payments by the trustee:

   | Creditor | Amount of Default to be Cured |
   |---|---|
   | **Carrington Mortgage** | 3,700.65 |
   | **City of Philadelphia** | 444.33 |

| Creditor | Amount of Default to be Cured |
|---|---|
| **M&T Bank** | **41,539.23 pre-petition arrears as well as any post petition arrears.  Debtor will continue to maintain all regular post petition payments consistent with the terms of the mortgage note starting November 1, 2017  while applying for a loan modification. The debtor has already supply documentation and has said that the application is complete, with the only remaining item was proof of business failure.  If a loan modification is not approved by May 15, 2018, debtor will move to file an amended Chapter 13 plan providing for payment of the arrears over the time remaining in the plan.  If an amended plan or loan modification is not approved, creditor may request relief from the automatic stay.** |

6. The Debtor shall make regular payments directly to the following creditors: Debtor to maintain post petition payments as of November 1, 2017 per the Note/Mortgage

| Name | Amount of Claim |
|---|---|
| **Carrington Mortgage** | **229,077.70** |
| **M&T Bank** | **412,795.32** |

7. The employer on whom the Court will be requested to order payment withheld from earnings is:
   **NONE.  Payments to be made directly by debtor without wage deduction.**

8. The following executory contracts of the debtor are rejected:

9. Property to Be Surrendered to Secured Creditor - NONE

10. The following liens is being paid pursuant to a Stipulation of Settlement resolving two adversary proceedings:  It is also understood that Abraham Woidislawsky agrees to supply documentation to the first mortgage companies that he agrees to remain in second place to help the debtor obtain a loan modification on the first mortgage if the same is being requested.

| Name | Amount of Settlement |
|---|---|
| **Abraham Woidislawsky is being paid the sum of $29,000 and after the said sum is paid in full - the mortgages on the debtor's two properties and any other mortgage claim held by Abraham Woidislawsky shall be completely satisfied.** | **29,000.00** |

11. Title to the Debtor's property shall revest in debtor **on confirmation of a plan.**

12. As used herein, the term "Debtor" shall include both debtors in a joint case.

13. Other Provisions:

Date **October 30, 2017**     Signature **/s/ David M. Offen**
**David M. Offen**
Debtor's counsel

## CERTIFICATE OF SERVICE

**The Chapter 13 Trustee, Lee Mogavera - Counsel for Abraham Woidislawsky, Carrington Mortgage, M&T Bank, The Commonwealth of Pa. and the City of Philadelphia are being served with a copy of the Amended Plan.**

   **/s/David M. Offen**
   **Debtor's counsel**
   **Suite 160 West, The Curtis Center**
   **601 Walnut Street**
   **Philadelphia, Pa. 19106**
   **215-625-9600**