IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| LYNETTE K. SUTTON | : | Bankruptcy No. 17-11860-elf |
| Debtor | : | |
| | | |
| LYNETTE K. SUTTON | : | |
| Plaintiff | : | |
| v. | : | Adversary No. 17-00134 |
| ABRAHAM WOIDISLAWSKY | : | |
| Defendant | : | |
| | | |
| LYNETTE K. SUTTON | : | |
| Plaintiff | : | |
| v. | : | Adversary No. 17-00135 |
| ABRAHAM WOIDISLAWSKY | : | |
| Defendant | : | |

## STIPULATION IN SETTLEMENT OF ADVERSARY ACTIONS

Lynette K. Sutton ("Plaintiff" or "Debtor") and Abraham Woidislawsky ("Defendant" or "A. Woidislawsky"), by their respective counsel, stipulate and agree as follows:

### BACKGROUND

WHEREAS, on March 16, 2017 (the "Petition Date"), Lynette K. Sutton, a/k/a Lynette K. Gueits, a/k/a Lynette K. Gueits Sutton, a/k/a Lynette Gueits Sutton, a/k/a FISU, Inc. (the "Debtor") filed a voluntary petition under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, on or about June 12, 2014, A. Woidislawsky entered into a loan transaction with FISU, Inc., d/b/a Delicias Restaurant & Food Trucks ("Borrower")

1

whereby A. Woidislawsky agreed to lend to Borrower the principal amount of $165,000.00 (the "Loan") pursuant to the terms of that certain Loan Agreement dated June 12, 2014 (the "Loan Agreement"); and

WHEREAS, the Loan is evidenced by a certain Mortgage Note dated June 12, 2014, executed and delivered to A. Woidislawsky by Borrower (the "Note"); and

WHEREAS, in order to induce A. Woidislawsky to make the Loan to Borrower and as a credit enhancement, on or about June 12, 2014, the Debtor and Malhon Sutton ("M. Sutton") executed and delivered to A. Woidislawsky a Surety Agreement dated June 12, 2014 (the "Debtor/M. Sutton Guaranty") pursuant to which the Debtor and M. Sutton agreed to act as full and unconditional surety for the obligations of Borrower to Lender under the Note and the other loan documents; and

WHEREAS, as collateral for the Debtor/M. Sutton Guaranty, the Debtor executed and delivered mortgages and assignment of rents and leases in favor of A. Woidislawsky as follows:  (1) Open-End Mortgage and Security Agreement dated June 12, 2014 on certain real property and improvements thereon known as 4941 Hazel Avenue, Philadelphia, PA 19143 (the "Hazel Ave. Property"), recorded June 17, 2014 with the City of Philadelphia Commissioner of Records as Doc. Id: 52793272 (the "Hazel Ave. Mortgage"); (2) Assignment of Rents and Leases dated June 12, 2014 (for the mortgaged property located at 4941 Hazel Avenue, Philadelphia, PA 19143), recorded June 17, 2014 with the City of Philadelphia Commissioner of Records as Doc. Id: 52793273 (the "Hazel Ave. Assignment of Rents"); (3) Open-End Mortgage and Security Agreement dated May 24, 2014 on certain real property and improvements thereon known as 4833 Walnut Street, Philadelphia, PA 19139 (the "Walnut Street Property"), recorded June 17,

2

2014 with the City of Philadelphia Commissioner of Records as Doc. Id: 52793768 (the "Walnut St. Mortgage"); and (4) Assignment of Rents and Leases dated May 24, 2014 (for the mortgaged property located at 4833 Walnut Street, Philadelphia, PA 19139), recorded June 17, 2014 with the City of Philadelphia Commissioner of Records as Doc. Id: 52793769 (the "Walnut St. Assignment of Rents); and

WHEREAS, prior to the Petition Date, the Debtor defaulted on her obligations under the Debtor/M. Sutton Guaranty; and

WHEREAS, prior to the Petition Date, on November 18, 2015, judgment was entered by confession in favor of A. Woidislawsky and against the Debtor and others in the Court of Common Pleas of Philadelphia County at November Term, 2015, No. 002740, and subsequently conformed (collectively, the "Judgment"); and

WHEREAS, A. Woidislawsky filed a secured Proof of Claim in the amount of $248,427.85, as of the Petition Date, plus additional accruing interest and fees and costs (the "Proof of Claim"); and

WHEREAS, on or about May 4, 2017, Plaintiff filed a Complaint to Determine Extent of Secured Status of Abraham Woidislawsky Under 11 U.S.C. Section 506 with respect to the Hazel Ave. Property at Adversary No. 1700134; and

WHEREAS, on or about May 4, 2017, Plaintiff filed a Complaint to Determine Extent of Secured Status of Abraham Woidislawsky Under 11 U.S.C. Section 506 with respect to the Walnut St. Property at Adversary No. 1700135 (together with Adversary No. 17-00134, the "Adversary Actions"); and

WHEREAS, on or about May 31, 2017, Defendant filed an Answer and Affirmative Defenses of Defendant Abraham Woidislawsky to Debtor's Complaint to

3

Determine Extent of Secured Status of Abraham Woidislawsky Under 11 U.S.C. Section 506 in each of the Adversary Actions; and

WHEREAS, in order to avoid the time, uncertainties, and expense of litigation, Plaintiff and Defendant have agreed to resolve the Adversary Actions.

AND NOW, incorporating the foregoing Background and intending to be legally bound, the parties hereto hereby stipulate and agree as follows:

- Plaintiff acknowledges and agrees that Defendant is entitled to a claim against the Plaintiff in the amount as stated in the Proof of Claim.

- Plaintiff and Defendant agree that $29,000.00 of Defendant's claim as set forth in the Proof of Claim shall be treated as secured (the "29,000.00 Secured Claim").

- Defendant's $29,000.00 Secured Claim shall be secured by the Hazel Ave. Mortgage, the Walnut St. Mortgage, the Hazel Ave. Assignment of Rents, and the Walnut St. Assignment of Rents.

- Defendant's $29,000.00 Secured Claim shall be paid in installments through the Plaintiff's Chapter 13 Plan, commencing on or about the confirmation date.

- Plaintiff and Defendant agree that the balance of Defendant's claim as set forth in the Proof of Claim shall be treated as unsecured (the "Unsecured Claim"), and shall be paid pro rata as all other unsecured claims under the Plaintiff's Chapter 13 Plan.

- Plaintiff shall file a modified Chapter 13 Plan consistent with the terms set forth herein.

- Defendant acknowledges that the Hazel Ave. Mortgage and the Walnut St.

4

Mortgage are second lien position mortgages on the Hazel Ave. Property and the Walnut St. Property, respectively. Should Plaintiff request that Defendant do so, Defendant will exercise reasonable efforts to assist Plaintiff in providing information regarding the Hazel Ave. Mortgage and the Walnut St. Mortgage to the Plaintiff's first mortgage lender(s) in connection with her efforts to obtain a loan modification(s) of the first mortgage(s) on the Hazel Ave Property and/or the Walnut St. Property.

- Upon payment in full of the $29,000.00 Secured Claim and Defendant's receipt of all pro rata payments for the Unsecured Claim under Plaintiff's Chapter 13 Plan, Defendant shall have no further rights against Humberto Guiets under the Walnut St. Mortgage and Walnut St. Assignment of Rents. [handwritten: to be marked satisfied of record]

- Upon payment in full of the $29,000.00 Secured Claim and Defendant's receipt of all pro rata payments for the Unsecured Claim under Plaintiff's Chapter 13 Plan, Defendant shall cause the Hazel Ave. Mortgage, the Walnut St. Mortgage, the Hazel Ave. Assignment of Rents and the Walnut St. Assignment of Rents to be marked satisfied of record.

- If the above-captioned bankruptcy case is dismissed or converted to a case under Chapter 7, or if the Plaintiff fails to make the payments to Defendant required hereunder: (a) Defendant's liens are preserved in full up to the full amount set forth in the Proof of Claim, together with additional accruing interest and fees and costs; (b) Defendant's consent to the $29,000.00 Secured Claim is null and void; and (c) Defendants shall be entitled to exercise all of his rights to collect the full amount of the indebtedness pursuant to the loan documents and the Judgment.

5

IN WITNESS WHEREOF, the parties hereto have authorized their counsel to execute this Stipulation this 30th day of October, 2017.

*[signature]*
Leona Mogavero, Esquire
Friedman Schuman, P.C.
101 Greenwood Avenue, Fifth Floor
Jenkintown, PA 19046
Attorney for Abraham Woidislawsky

*[signature]*
David M. Offen, Esquire
The Curtis Center
601 Walnut Street, Suite 160 West
Philadelphia, PA 19106
Attorney for Lynette K. Sutton

## ORDER

APPROVED and so ORDERED this __1st__ day of ~~November~~, 2017.

*[signature]*

**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**

6